**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLORIA MARTENYS MALDONADO-
CRUZ,

               Petitioner,

v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.   18-71407

Agency No. A206-450-049

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2020[**]
San Francisco, California

Before:  CLIFTON, N.R. SMITH, and R. NELSON, Circuit Judges.

Gloria Maldonado-Cruz, a native and citizen of Honduras, petitions for

review of the decision by the Board of Immigration Appeals ("BIA") dismissing

her appeal from an immigration judge's ("IJ") decision denying her application for

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Substantial evidence supports the BIA's determination that Maldonado-Cruz was not eligible for asylum or withholding of removal, because she did not establish past persecution or a well-founded fear of future persecution on account of a protected ground with regard to (A) her grandfather, (B) her ex-boyfriend, or (C) the Mara 18 gang. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185-86, 1190 (9th Cir. 2006).

    A. The record does not compel a conclusion that the harm inflicted on Maldonado-Cruz by her grandfather ("slapp[ing] her three times, withdr[awing] her from a university, and forc[ing] her to leave his home because she allowed herself to become pregnant by her former boyfriend") rose to the level of past persecution.[1] *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (Persecution is "an extreme concept that does not include every sort of treatment

---

[1] Maldonado-Cruz does not argue in her opening brief that she has a well-founded fear of future persecution because of her grandfather. Thus, this issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Even if not waived, the record does not compel a conclusion that Maldonado-Cruz has a well-founded fear of future persecution, because there is no evidence that her grandfather has any interest in her. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006).

2

our society regards as offensive." (quoting *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998))); *see also Gu*, 454 F.3d at 1021-22 (concluding that a three-day detention, a two-hour interrogation, and a beating with a rod did not compel a conclusion of past persecution).

B.    The record does not compel a conclusion that the harm inflicted on Maldonado-Cruz by her ex-boyfriend was on account of her membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131, 1135 (9th Cir. 2016).  Maldonado-Cruz failed to identify any evidence in the record that her proposed social groups (single young women in Honduras who are viewed as property or vulnerable single women in Honduras who are treated or viewed as sexual objects) were perceived by Honduran society to be distinct social groups.[2] *See Matter of L-E-A-*, 27 I. & N. Dec. 581, 593-94 (A.G. 2019) ("To have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes

---

[2] Because Maldonado-Cruz failed to establish the harm was on the basis of a particular social group, we need not address whether the harm rose to the level of persecution.  Additionally, Maldonado-Cruz does not argue in her opening brief that she has a well-founded fear of future persecution because of her ex-boyfriend. Thus, this issue is waived.  *See Martinez-Serrano*, 94 F.3d at 1259-60.  Even if not waived, the record does not compel a conclusion that Maldonado-Cruz has a well-founded fear of future persecution, because there is no evidence that her ex-boyfriend has any interest in her.  *See Gu*, 454 F.3d at 1022.

persons sharing the particular characteristic to be a group." (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014))).

C.     The record does not compel the conclusion that Maldonado-Cruz has a well-founded fear of persecution by the Mara 18 gang.[3]  To the contrary, Maldonado-Cruz's grandfather and brother continue to reside in Honduras without harm, having no incidents with gangs after her grandfather retired from public service.  Thus, any harm that Maldonado-Cruz may suffer at the hands of the Mara 18 gang would be based on a criminal purpose rather than a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2.     Substantial evidence supports the BIA's determination that Maldonado-Cruz failed to establish that she would be subject to torture "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1); *see also Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).  Maldonado-Cruz asserts that the BIA failed to consider all of the

---

[3] Maldonado-Cruz does not argue in her opening brief that she has suffered past persecution based on the harm to her family inflicted by the Mara 18 gang when her grandfather was a political figure.  Thus, this issue is waived.  *See Martinez-Serrano*, 94 F.3d at 1259-60.

evidence before it.  However, there is no indication that the BIA did not consider the evidence before it.  *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004); *see also Cole*, 659 F.3d at 771-72.  The BIA (citing to the IJ's decision) recognized that there are isolated incidents where Honduran officials were engaged in torture; however, the BIA also recognized that the police were responsive to her request to locate her ex-boyfriend.  Thus, the BIA reasonably concluded that it was unlikely that Maldonado-Cruz would be tortured in Honduras, and Maldonado-Cruz has not pointed to any evidence that would compel a conclusion contrary to the BIA.  *See Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**